JERRY FLORIAN
FAY ROGERS
JACQUELYN DUNCKHURST
SARAH FLORIAN, Individually and as Guardian Ad Litem
of ZACHARY FLORIAN, a minor child
DONNA PAYNE
P.O. Box 313
Vernon, AZ 85940
928-532-1791
Plaintiffs Pro Se

```
                    FILED    ____ LODGED
                ____ RECEIVED ____ COPY

                      DEC 2 9 2005

                CLERK U S DISTRICT COURT
                  DISTRICT OF ARIZONA
                BY_____ S  DEPUTY
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JERRY FLORIAN; FAY ROGERS; JACQUELYN DUNCKHURST; SARAH FLORIAN; ZACHARY FLORIAN, a minor child, by SARAH FLORIAN, his guardian ad litem; and DONNA PAYNE,<br><br>Plaintiffs,<br><br>vs.<br><br>JASON PERKINSON; WILLIAM PONCE; ED JAAKOLA; DAN FIELDS; CITY OF QUARTZSITE; R. GLENN BUCKELEW; MARTIN BRANNAN; and COUNTY OF LA PAZ,<br><br>Defendants. | Civil Case No. 05-CV-2067-PHX-FJM<br><br>**AMENDED COMPLAINT**<br>(Civil Rights Violations and Related State Law Claims)<br><br>JURY DEMAND |

## NATURE OF THE CASE

This is an action for money damages against the City of Quartzsite, Arizona, former Quartzsite Police Chief Ed Jaakola, individual Quartzsite police officers Jason Perkinson and William Ponce, former La Paz County Attorney Glen Buckelew, present La Paz County Attorney Martin Brannan, and the County of La Paz, Arizona for violations of the Plaintiffs' civil rights.

1

## JURISDICTION AND VENUE

1.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1332 and 1343. Plaintiffs further invoke the Court's pendent jurisdiction to hear claims arising under state law. The amount in controversy exceeds $10,000.

2.  The material acts occurred in La Paz County, Arizona. Therefore, venue is proper in the United States District Court for the District of Arizona.

## PARTIES

3.  Plaintiff Jerry Florian is, and at all material times was, a citizen of the State of Arizona. The acts and events described herein occurred in or near the City of Quartzsite, County of La Paz, Arizona, over a period of many years. Because of the circumstances and events leading up to this lawsuit, described below, Plaintiff relocated to Vernon, County of Apache, Arizona, where he currently resides.

4.  Plaintiff Fay Rogers is, and at all material times was, a citizen of the State of Arizona. The acts and events described herein occurred in or near the City of Quartzsite, La Paz County, Arizona, over a period of many years. Because of the circumstances and events leading up to this lawsuit, described below, Plaintiff relocated to Vernon, County of Apache, Arizona, where she currently resides.

5.  Plaintiff Jacquelyn Dunckhurst is, and at all material times was, a citizen of the State of Arizona. The acts and events described herein occurred in or near the City of Quartzsite, County of La Paz, Arizona. Because of the circumstances and events leading up to this lawsuit, described below, Plaintiff relocated to Vernon, Arizona, County of Apache, where she currently resides.

6.  Plaintiff Sarah Florian is, and at all material times was, a citizen of the State of Arizona.

7. Plaintiff Zachary Florian is, and at all material times was, the minor child of Plaintiff Sarah Florian, and a citizen of the State of Arizona. He currently resides with his mother, Plaintiff Sarah Florian, in the City of Phoenix, County of Maricopa, Arizona.

8. Plaintiff Donna Payne, a former San Diego, California resident, currently resides in Vernon, in the County of Apache, Arizona, and at all material times was a United States citizen.

9. Defendant Jason Perkinson is, and at all material times was, a United States citizen, and a duly appointed police officer of Quartzsite, Arizona, for the purposes of diversity jurisdiction.

10. Defendant William Ponce is, and at all material times was, a United States citizen, and a duly appointed police officer of Quartzsite, Arizona, for the purposes of diversity jurisdiction.

11. Defendant Ed Jaakola was at all material times a United States citizen and the duly appointed chief of police of Quartzsite Police Department, City of Quartzsite, Arizona, for the purposes of diversity jurisdiction.

12. Defendant Dan Fields is, and at all material times was, a United States citizen, and the duly appointed City Manager and City Prosecutor of the City of Quartzsite, Arizona, for the purposes of diversity jurisdiction.

13. Defendant City of Quartzsite is, and at all material times was, a political subdivision of the County of La Paz, and State of Arizona, and a citizen thereof for the purposes of diversity jurisdiction.

14. Defendant R. Glenn Buckelew is, and at all material times was, a United States citizen and the former La Paz County Attorney within the City of Parker, County of La Paz, and State of Arizona, and a citizen thereof for the purposes of diversity jurisdiction.

15. Defendant Martin Brannan is, and at all material times was, a United States citizen and is the current La Paz County Attorney within the City of Parker, County of La Paz, and State of Arizona, and a citizen thereof for the purposes of diversity jurisdiction.

16. Defendant La Paz County is a political subdivision of the State of Arizona, and a citizen thereof for the purposes of diversity jurisdiction. At all material times, the Defendants were acting under color of law.

## GENERAL ALLEGATIONS

17. The filing of this complaint represents the second of its kind on behalf of Plaintiff Fay Rogers ("Rogers") against the City of Quartzsite. Several years ago, around 2000, Rogers brought an almost identical action in this Court against the Quartzsite Police Department and the City of Quartzsite and two of its police officers their illegal conduct, including harassment, the false arrest and simultaneous physical assault on Rogers, which resulted in physical and emotional damage to Rogers (the "2000 lawsuit"). A copy of the 2000 lawsuit is attached hereto for the Court's reference. Plaintiffs would like the Court to take judicial notice of the complaint and any other documents that may be contained in the Court's file concerning the 2000 lawsuit.

18. The 2000 lawsuit was settled in late 2000, with a payment of $50,000 to Rogers by the City of Quartzsite, and the complaint was dismissed around that same time.

19. As alleged by Rogers in the 2000 lawsuit, the events leading up to that complaint being filed were directly related to the improper and essentially baseless arrest of her son (and now Plaintiff in this action) Jerry Florian ("Florian") in or around 1998 by Quartzsite police officers. For a couple of years following settlement of the 2000 lawsuit, Rogers enjoyed relative peace from Quartzsite officials, as during that time

Florian was not a permanent resident of Quartzsite, but merely a winter visitor for approximately 3-4 months.

20. Beginning in early 2003, Florian returned to Quartzsite on a permanent basis. At that time, Quartzsite police officers Jason Perkinson ("Perkinson")[1] and William Ponce ("Ponce") again began stalking not only Florian but other family members and friends, and committing harassing, improper and often illegal acts against them, described in more detail below, all in an apparent effort to finally "get" Florian, as stated to a witness by Defendant Ponce.

21. The official police harassment by officers Perkinson and Ponce continued and intensified for a two-year period leading up to 2005, and was ongoing when Rogers and Florian moved to Vernon, Arizona, concluding that such a drastic step was needed, and that remaining in Quartzsite would invite further abuse from Quartzsite police and other officials, including physical harm. Subsequently, Rogers moved to Vernon in or around September 2004. Florian moved there more recently, in December 2004.

22. For the two years preceding Florian and Rogers relocating to Vernon, Quartzsite police officers Perkinson and Ponce committed numerous intentionally improper and illegal acts against Florian and Rogers, and their family members and friends, including:

23. Upon seeing Florian drive anywhere in Quartzsite, Perkinson and/or Ponce would invent a minor traffic infraction as an excuse for stopping him. Whichever officer made the stop would then call the other of the two. In each and every instance, the stops were factually baseless and in violation of Florian's constitutional rights. Without exception, in each such instance, officers Perkinson and Ponce committed

---

[1] Jason Perkinson was a rookie officer of the Quartzsite Police Department at the time of Florian's false arrest in 1998, and the filing of the 2000 lawsuit, which resulted in negative personnel actions against several Quartzsite police officers, at least one of whom was a personal friend of Perkinson's.

further unconstitutional, improper and unconstitutional violations of Florian's rights, including illegally searching his person and vehicle. In each case, Perkinson and Ponce subsequently carefully prepared fraudulent police reports, contrived to make it appear as though they had done nothing wrong, that they had not in fact violated the Fourth Amendment in illegally stopping and searching Florian's vehicle. On at least two occasions, Perkinson and/or Ponce subsequently appeared before the La Paz County grand jury and gave perjured testimony about these matters, including outright lies and material omissions, in order to obtain a criminal indictment against Florian and unlawfully seize his property.

24. On numerous occasions, after apparently surveilling Florian and seeing him or any of his friends leave the premises, a Quartzsite police officer would immediately stop that person for an innocuous vehicle equipment violation (for example, "license plate too bright, not baffled"). Interestingly, at no time,— not once — did the person stopped ever receive a traffic or vehicle equipment citation from the officer. In all cases, however, they were asked if the officer could search their vehicles. At least once, the officer made defamatory and untrue statements concerning Florian to those identified as friends of Florian while detaining them.

25. On those occasions in which Perkinson and/or Ponce or other Quartzsite police officers could find nothing with which to contrive a legal stop of Florian or his family and friends, they would instead follow the person for various periods of time in an intimidating manner, tailgating the vehicle and shining the police vehicle's bright lights through the person's back window, apparently trying to create "reasonable suspicion" to justify stopping the vehicle, and ultimately executing another unlawful search as described above.

26. By way of another example, Florian's sister, Dianne Florian (a winter resident of Quartzsite) was leaving her place of employment one evening when she was

6

pulled over by Ponce. He told Dianne that he stopped her because she had a taillight out, although he did not write her a ticket and let her continue to drive home. The next morning, Dianne went to inspect her taillight and discovered that officer Ponce had apparently lied about his reason for stopping her: both taillights were working perfectly.

27.    On or about September 11, 2003, Defendants Ponce and Perkinson intentionally conspired to illegally stop and search Plaintiff Florian, and to subsequently falsely arrest him without any probable cause. In the furtherance of the conspiracy, Defendants Ponce and Perkinson subsequently filed police reports containing false statements and provided false testimony before a La Paz County grand jury in order to procure an indictment against Florian.

28.    On or about February 7, 2004, Defendants Ponce and Perkinson conspired to falsely arrest Plaintiff Florian when they either saw or received information from other police officers that Florian was riding an ATV on Main Street in Quartzsite, Arizona. Before falsely arresting Plaintiff, Defendants Ponce and Perkinson, without any justifiable cause, committed a battery on Plaintiff by repeatedly beating his right leg with a baton, which leg both Defendants knew contained a metal pin as a result of a prior injury. Defendants' actions were intentional and Plaintiff Florian believes and so alleges that the Defendants were attempting to permanently injure him. Plaintiff was injured and transported to a hospital in Parker, Arizona for treatment.

29.    On or about February 7, 2004, after Defendants Jason and Perkinson falsely arrested Plaintiff Florian, they transported him to the hospital where Florian was relieved of his clothing and given a hospital gown to wear. After Florian was treated at the hospital, Defendants Ponce and Perkinson transported Florian, in a hospital gown, to the La Paz County Jail where they conspired to, and did cause to be planted an illegal substance among Florian's clothing so that jail intake officers would find it and charge Florian with a felony. Although Plaintiff Florian had not had access to his clothing since

arriving at the La Paz County Hospital hours earlier, upon admission to the La Paz County Jail, intake officers found the illegal substance planted in Florian's clothing by Defendants Ponce and Perkinson, and charged Florian "promoting prison contraband, a class two felony."

30. On or about July 14[2], 2004, Defendants Ponce and Perkinson attempted to illegally stop Plaintiffs Florian and Dunckhurst as they drove lawfully to Plaintiff Rogers' residence in Quartzsite, Arizona. Plaintiffs Sarah Florian and Zachary Florian were riding in the vehicle being operated by Florian. Plaintiff Payne, who is Florian's sister and Rogers' daughter, was on vacation and staying at Plaintiff Rogers' residence at the time of this incident. After following Plaintiffs' vehicle a considerable distance, when Florian was less than a block from Rogers' residence, Defendants Ponce and Perkinson turned on their lights and pulled in behind Florian as he entered Rogers' driveway. As Plaintiffs Florian and Dunckhurst exited their vehicle, Defendants Ponce and Perkinson jumped out of their vehicle and began yelling at Florian to stop. Because of their past illegal behavior toward Florian, he had notified the Quartzsite Police Department that he would no longer stop for these two particular officers without independent witnesses being present, and he continued into Rogers' residence. Upon hearing a commotion outside the house, Plaintiffs Rogers and Payne, together with a friend who was also visiting, went outside to see what was occurring in the driveway. Florian made his way into the house as Rogers and Payne and the visiting friend came outside. Defendants Ponce and Perkinson had their guns and batons drawn. Their guns were sighted on Plaintiff Florian and Defendant Ponce threatened to shoot Florian if he didn't stop. When questioned by Plaintiffs Rogers, Payne and Dunckhurst, Defendants Ponce and Perkinson claimed Florian was being pursued because of "suspicious activity," though they could not be specific when asked to explain what acts

---

[2] This date was erroneously stated as July 11, 2003 in the original complaint.

8

of Florian they felt constituted "suspicious activity." An argument ensued as backup officers arrived at Rogers' residence. Florian remained inside the residence, and Defendants Ponce and Perkinson finally left the residence.

31.  During the altercation of July 14, 2004, Plaintiffs Sarah Florian and Zachary Florian remained in the vehicle. When they attempted to get out of the vehicle, Defendant Perkinson intentionally slammed the vehicle door on the foot of the minor Plaintiff, Zachary Florian, causing him physical, as well as emotional injuries. Zachary was only four years old at the time, and for him the incident was frightening and traumatic. Plaintiff Sarah Florian became fearful for Zachary's safety and well being when she saw the officers had their guns drawn.

32.  On or about September 25, 2004, Defendant Ponce, with other law enforcement officers not herein named, lay in wait for Defendants Florian and Dunckhurst as they were lawfully driving in Quartzsite, Arizona, and detained them while illegally searching their vehicle, which resulted in the arrest of Defendants Florian and Dunckhurst.

33.  Based on the intentional and unlawful conduct of Defendants, the La Paz County Attorney (at that time, Defendant Buckelew) procured multiple indictments through false and misleading information that suggested probable cause existed to prosecute Florian, when in fact it did not.

34.  Although he knew, or should have known, that Defendants Ponce and Perkinson submitted false police reports against Plaintiff Florian on multiple occasions, Defendant Buckelew knowingly took the false information and Defendants Ponce and Perkinson before a La Paz County grand jury on two occasions, and allowed them to give false evidence, including perjured statements, before the grand jury. Defendant La Paz County Attorney intentionally misled the grand juries on both of those occasions in order to obtain indictments against Florian and maliciously prosecute him. Florian

9

speculates that this was done in order to manufacture the appearance of evidence when subsequently bringing Florian to trial.

35. The actions of Defendants Perkinson and Ponce, as alleged herein, were intentional, and were consistent with a pattern of unlawful and unconstitutional actions undertaken by them in previous cases, including the 2000 lawsuit. Other legal actions had been filed against the Quartzsite Police Department and the City of Quartzsite because of the same harassing and abusive behavior of Quartzsite police officers, specifically Perkinson and Ponce. Numerous complaints were filed with Defendant police chief Ed Jaakola and the City of Quartzsite, accompanied by requests that he investigate them. To Plaintiffs' knowledge, not only did Defendant Jaakola fail to investigate complaints about Quartzsite police officers, in most cases he did not respond to them at all. Likewise, the City of Quartzsite, the former and current La Paz County Attorneys Buckelew and Brannan, respectively, and the County of La Paz were for years aware of the ongoing abusive and unconstitutional behavior by police officers against Quartzsite citizens, and specifically Defendants Florian and Rogers, and had in fact settled at least two prior lawsuits resulting from it. Accordingly, all of the Defendants knew, or should have known, of Defendants Perkinson's and Ponce's unconstitutional conduct, and failed to prevent officers Perkinson and Ponce from continuing to take similar action against Plaintiffs.

## FIRST CLAIM FOR RELIEF

### (Deprivation of Civil Rights Against All Defendants)

36. Plaintiffs reallege paragraphs 1 through 35 above.

37. At all times Plaintiffs enjoyed an absolute right to due process, and to be free from false imprisonment and preventive detention pursuant to the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution.

38.     The acts complained of deprived Plaintiffs of their constitutional freedom from unreasonable searches and seizures, false imprisonment and right to due process.

## SECOND CLAIM FOR RELIEF

### (Conspiracy to Deprive Civil Rights Against Defendants Perkinson, Ponce, Buckelew and Brannan)

39.     Plaintiffs reallege paragraphs 1 through 38 above.

40.     Defendants Perkinson, Ponce, Buckelew and Brannan conspired with each other to deprive Plaintiffs Florian and Dunckhurst of their constitutional right to be free from unlawful searches and seizures, false imprisonment and right to due process.

## THIRD CLAIM FOR RELIEF

### (False Imprisonment Against All Defendants)

41.     Plaintiffs Florian and Dunckhurst reallege paragraphs 1 through 40 above.

42.     As summarized above, Defendants wrongfully, falsely and without probable cause or any legal or reasonable justification, falsely imprisoned Plaintiffs Florian and Dunckhurst.

## FOURTH CLAIM FOR RELIEF

### (Failure to Properly Hire, Train and Supervise Against Defendants Jaakola and City of Quartzsite)

43.     Plaintiffs reallege paragraphs 1 through 42 above.

44.     Defendants Jaakola and City of Quartzsite owed a duty of reasonable care to residents in hiring, training and supervising its personnel.

45.     Defendants Jaakola and City of Quartzsite breached their duty by hiring, failing to properly train and supervise Defendants Perkinson and Ponce.

11

46.     Defendants Jaakola and City of Quartzsite knew or should have known of the unlawful and abusive actions of their police officers, but failed to take any remedial action.

47.     As a direct and proximate cause of the above-described acts and/or omissions of Defendants, Plaintiff Florian was physically injured and forced to incur monetary damages for medical care and may have sustained permanent injury, and suffered great emotional distress, humiliation and embarrassment.

48.     As a direct and proximate cause of the above-described acts and/or omissions, Plaintiffs Rogers, Dunckhurst and Payne suffered great emotional distress, humiliation and embarrassment.

## FIFTH CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress Against All Defendants)

49.     Plaintiffs reallege paragraphs 1 through 48 above.

50.     At all times material herein, the acts and omissions of Defendants were undertaken with deliberate intent to cause Plaintiffs to suffer extreme emotional distress.

51.     The actions of Defendants were so outrageous that no person should be reasonably expected to endure them.

## SIXTH CLAIM FOR RELIEF

### (Defamation Against Defendants Jaakola, Fields, City of Quartzsite, Buckelew, Brannan and La Paz County)

52.     Plaintiff Florian realleges paragraphs 1 through 51 above.

53.     Sometime after Plaintiff Florian's unlawful arrest on February 7, 2004 at the Totem Swap Meet, Defendants Jaakola and Fields made or caused to be made to third parties a television interview containing false statements of material fact concerning Florian, to the effect that Florian was a known criminal who had physically assaulted Defendants Perkinson and Ponce. Their false and defamatory statements were

12

designed to legitimize their unlawful and abusive acts against Plaintiffs, and improperly influence potential jurors with fabricated and untrue statements about the character of Florian.

54.     Soon after the July 14, 2004 incident at the Rogers residence where Perkinson and Ponce threatened Plaintiffs at gunpoint, Defendants made or caused to be made statements to media or other third parties false statements of material fact concerning Plaintiffs, to the effect that Plaintiffs were lawbreakers who had previously been arrested and who had no respect for the law or police officers, and that the officers had been threatened by Plaintiffs for no apparent reason. In fact, as Defendants well knew or should have known, Plaintiffs Rogers, Payne, Dunckhurst, Sarah Florian and Zachary Florian had no such criminal records on July 14, 2004. Their false, defamatory statements to the media were designed to legitimize their unlawful and abusive acts against Plaintiffs.

55.     Defendants made or caused to be made the above-described statements intentionally, knowingly or with reckless disregard for the truth or falsity of such statements.

56.     The above-referenced statements made by Defendants concerning Plaintiffs were false and defamatory in nature and intended to hold and did hold Plaintiffs up to public contempt, ridicule, hatred and harassment, all to Plaintiffs' damage.

### SEVENTH CLAIM FOR RELIEF

#### (Assault and Battery Against Defendants Perkinson and Ponce)

57.     Plaintiff Florian realleges paragraphs 1 through 56 above.

58.     By reason of the acts aforesaid, Defendants Perkinson and Ponce committed an intentional assault and battery upon the person of Plaintiff Jerry Florian, for which he was required to undergo medical treatment, and endured much pain and suffering and emotional distress.

## EIGHTH CLAIM FOR RELIEF

### (Negligent Hiring and Failure to Supervise Against Defendants Ed Jaakola, Dan Fields, and City of Quartzsite)

59. Plaintiffs reallege paragraphs 1 through 58 above.

60. At all times material herein, Defendants Ed Jaakola, Dan Fields and the City of Quartzsite owed a duty of reasonable care to its residents in hiring, training and supervising its personnel.

61. Defendants Ed Jaakola, Dan Fields and the City of Quartzsite negligently breached their duty by hiring, poorly training and supervising Defendants Ponce and Perkinson.

62. As a direct and proximate cause of the negligence of Defendants Ed Jaakola, Dan Fields and the City of Quartzsite, all of the Plaintiffs suffered great emotional suffering and were made fearful of their safety and well being while residing in, or visiting, Quartzsite, Arizona. Plaintiffs Fay Rogers and Jerry Florian eventually were forced to travel to another part of the state in order to be free from official police misconduct and harassment.

WHEREFORE, Plaintiffs pray for judgment as follows:

a. Compensatory and consequential damages against each and every Defendant in the amount of $3,000,000;

b. Punitive damages against each Defendant police officer in the amount of $1,000,000;

c. Court costs incurred herein against each and every Defendant; and

d. Such other and further relief as the Court deems just and equitable.

Jerry Florian
Plaintiff Pro Se

_____
Fay Rogers
Plaintiff Pro Se

_____
Jacquelyn Dunckhurst
Plaintiff Pro Se

_____
Sarah Florian
Plaintiff Pro Se

_____
Sarah Florian, as guardian ad litem for
Zachary Florian, a minor child

_____
Donna Payne
Plaintiff Pro Se