**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Florian, et al., | No. 05-CV-2067-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Jason Perkinson, et al., | |
| Defendants. | |

The court has before it plaintiffs' motion for reconsideration (doc. 96) of our order dated May 4, 2007 (doc. 94).[1]

Plaintiffs raise three points. First, Donna Payne and Fay Rogers ask us to reconsider our conclusion that they have no standing to assert § 1983 claims alleging excessive use of force. Order at 6. That claim arose out of an investigatory stop of Jerry Florian on July 14, 2004, during which Officers Ponce and Perkinson drew their guns and batons, "sighted on Plaintiff Florian . . . and threatened to shoot [him]." Amended Complaint ¶ 30. We concluded that because there was no allegation that Payne or Rogers was the subject of either

---

[1] We do not consider La Paz County's response (doc. 97) because we did not order it. See LRCiv 7.2(g).

1 the attempted stop or the alleged use of force, but were merely witnesses, they had no
2 standing to assert a § 1983 claim. Order at 6.

3       Rogers and Payne now contend that they do not assert their § 1983 claim as witnesses,
4 but argue that Officers Ponce and Perkinson violated their constitutional rights when they
5 "used excessive force by drawing and holding their weapons against them." Motion for
6 Reconsideration ("Motion") at 2. According to plaintiffs' version of the events, the officers
7 had their guns and batons drawn on Florian before Rogers and Payne came out of the house.
8 They acknowledge that Florian was the "intended target." Id. Plaintiffs' version of the facts
9 also demonstrates that Rogers and Payne chose to stand between the officers and Florian and
10 refused to move. Fay Rogers stated in her letter of complaint to Police Chief Jaakola that
11 "Donna [Payne] . . . and I tried to stay between Jerry and the officers." Motion, exhibit 4.
12 Jacquelyn Dunckhurst stated that Ponce "had his gun out and pointed at Jerry. Me and others
13 blocked it . . . ." Plaintiffs' Response to Defendants' SOF (doc 86), exhibit 8. Jerry Florian
14 stated that "[m]y family and friend Sandy were orderd [sic] to move away from me. Instead
15 they placed themselves in their line of fire." Id. Therefore, it is undisputed that the officers'
16 intended subject of the stop and the person at whom their weapons were directed, was Jerry
17 Florian. Payne and Rogers were bystanders who voluntarily stepped in front of the weapons.
18 The Fourth Amendment "does not extend to 'accidental effects' or 'unintended consequences
19 of government action.' " Schultz v. Braga, 455 F.3d 470, 480 (4th Cir. 2006) (quoting
20 Brower v. County of Inyo, 489 U.S. 593, 596, 109 S. Ct. 1378, 1381 (1989)). Moreover,
21 where the complaining parties' injuries are explained by their own actions, the allegations
22 cannot create a material fact issue as to whether an officer used excessive force. See Brandt
23 v. Davis, 191 F.3d 887, 892 (8th Cir. 1999). We reaffirm our previous holding granting
24 summary judgment against Payne and Rogers on their § 1983 claims.

25       Plaintiffs also complain that County Attorney Buckelew was not entitled to summary
26 judgment on the claim that he failed to dismiss a felony complaint against Florian and quash
27 a corresponding summons. As we stated in our order, the decision whether to file certain
28

pleadings (and by implication to dismiss pleadings) is integral to a prosecutor's work, Order at 14, and as such, Buckelew was entitled to absolute immunity on this claim.

Finally, plaintiffs ask us to reconsider our grant of summary judgment in favor of the Town of Quartzsite. We granted defendants' motion for summary judgment based on our conclusion that plaintiffs failed to allege, let alone present any evidence, that a Town policy was the moving force behind the alleged constitutional violations by the officers. Order at 12-13. Municipal liability may result from a local government custom only if a plaintiff shows "the existence of a widespread practice that . . . is so permanent and well-settled as to constitute a custom or usage with the force of law." City of St. Louis v. Praprotnik, 485 U.S. 112, 127, 108 S. Ct. 915, 926 (1988) (internal quotations omitted); Thompson v. City of Los Angeles, 885 F.2d 1439, 1444 (9th Cir. 1989) (local custom as a basis for liability requires a showing of "widespread abuses or practices that . . . are so pervasive as to have the force of law").

A party opposing a motion for summary judgment cannot merely rest on the allegations contained in his pleadings, but instead must come forward with specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Plaintiffs did not demonstrate that illegal searches and seizure or excessive use of force is pervasive in the Quartzsite police department, or that Town officials regularly failed to investigate charges of constitutional violations by its police officers. Plaintiffs produced no evidence to suggest that any other citizen had ever been subject to unreasonable stops or seizures or excessive force. Instead, their bare allegations related solely to their isolated treatment by the two officers. "Proof of random acts or isolated events are insufficient to establish custom." Id. at 1444. Therefore, plaintiffs failed to establish that a triable fact exists as to whether the City maintains a municipal policy of unreasonable searches and seizures, excessive force, or

1  deliberate indifference to its officers' unconstitutional treatment of its citizens.[2] Accordingly,
2  summary judgment was appropriately granted in favor of the Town of Quartzsite.

3        We deny plaintiffs' alternative motion to amend the complaint. These claims suffer
4  not from pleading defects but from plaintiffs' failure to establish a genuine issue of material
5  fact for trial as required by Rule 56(e), Fed. R. Civ. P.

6        **IT IS THEREFORE ORDERED DENYING** plaintiffs' motion for reconsideration
7  (doc. 96).

8        DATED this 22nd day of May, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[2] Although plaintiffs do not raise the argument, it is also possible to establish municipal liability based on "a decision properly made by a local governmental entity's authorized decisionmaker–i.e., an official who 'possesses the final authority to establish [local government] policy with respect to the [challenged] action.' " Thompson, 885 F.2d at 1443 (alterations in original). Here, there is no showing (or suggestion) that any official who received plaintiffs' complaints possessed final authority to establish policy with respect to the challenged action. Without more, plaintiffs fail to overcome the Town's motion for summary judgment.